**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EARL WILLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:22-cv-6699** |
| **v.** | ) | |
| | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES the EARL WILLIS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, BANK OF AMERICA, N.A., Plaintiff states as follows:

## I.    PRELIMINARY STATEMENT

1.    This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq. (hereinafter, "EFTA"), the Illinois Consumer Fraud and Deceptive Business Act, 815 ILCS 505/2 et seq, and for conversion.

## II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the EFTA 15 U.S.C. §1693m, and pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.    PARTIES

4.    EARL WILLIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Homewood, County of Cook, State of Illinois.

5.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6.     Plaintiff had a bank account in his name with Defendant (hereinafter, "Plaintiff's Chime Account" and/or "Account").

7.     At all relevant times, Plaintiff's BANK OF AMERICA, N.A., Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8.     At all relevant times, Plaintiff's BANK OF AMERICA, N.A., Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9.     BANK OF AMERICA, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Illinois.

10.     At all relevant times, Defendant was a bank that held Plaintiff's BANK OF AMERICA, N.A., Account.

11.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12.     At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13.     At all relevant times, the transfer of money requested by Plaintiff constitutes an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

**IV.     COUNT I: PLAINTIFF'S CLAIM AGAINST BANK OF AMERICA, N.A., FOR BANK OF AMERICA, N.A.,'S VIOLATION(S) OF THE EFTA**

14.     On or about November 01, 2022, Plaintiff attempted to transfer funds out of his BANK OF AMERICA, N.A., Account to make a payment on an automobile loan he held at GM Financial.

15.     On or about November 01, 2022, Plaintiff ordered Defendant to perform an electronic funds transfer in the amount of $2,175.88 to GM Financial.

16.     Defendant failed to make Plaintiff's requested transfer.

17.     The EFTA "protects consumers by providing a 'basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.*, 111 F.3d 1322, 1328 (7th Cir.1997) (quoting 15 U.S.C. ¶ 1693(b)).

18.     In general, the EFTA requires banks to make electronic fund transfers in a "timely manner." *See Gale v. Hyde Park Bank,* 384 F.3d 451, 551 (7th Cir.2004).

19.     Specifically, "a financial institution shall be liable to a consumer for all damages proximately caused by:"

> (1) the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, except where—
>
>> (A) the consumer's account has insufficient funds;
>>
>> (B) the funds are subject to legal process or other encumbrance restricting such transfer;
>>
>> (C) such transfer would exceed an established credit limit;
>>
>> (D) an electronic terminal has insufficient cash to complete the transaction; or
>>
>> (E) as otherwise provided in regulations of the Board.

15 U.S.C. § 1693h (a)(1)

20.     On November 1, 2022, Plaintiff provided Defendant with notice of his request for the funds in his Account to be electronically transferred to a creditor of Plaintiff's.

21.     When Defendant failed to make the transfer in accordance with Plaintiff's instructions, Plaintiff's auto lender did not receive it's payment in a timely manner.

22.     Since Plaintiff's auto payment was not made in a timely manner, Plaintiff's auto lender repossessed Plaintiff's vehicle depriving him of its use.

23.     At all relevant times, Plaintiff's BANK OF AMERICA, N.A., Account had sufficient funds.

24.     At all relevant times, Plaintiff's BANK OF AMERICA, N.A., Account was not subject to a legal process or other encumbrance to restrict transfer.

25.     At all relevant times, Plaintiff's requested transfer would not have exceeded an established credit limit.

26.     At all relevant times, Defendant had access to an electronic terminal with sufficient cash to complete the transfer.

27.     At all relevant times, no regulation of the Board exists that would excuse Defendant's refusal to transfer Plaintiff's money from his BANK OF AMERICA, N.A., Account.

28.     The actions of Defendant caused Plaintiff to suffer from having to miss a vehicle payment which resulted in the repossession of said vehicle, its loss of use and his inability to travel to his employment, as well as frustration, anxiety and emotional distress that manifested itself such that Plaintiff had difficulty falling to sleep and/or staying asleep as well as a loss of appetite.

WHEREFORE, Plaintiff, EARL WILLIS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.      All actual compensatory damages pursuant to 15 U.S.C. §1693m(a)(1);

b.      Statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

c.      Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §1693a(3); and,

d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**EARL WILLIS**


By:   s/ David M. Marco
Attorney for Plaintiff


Dated: November 30, 2022

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com